989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Ray Nile COOPER, Appellant.
 No. 92-3094.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 15, 1993.
Filed: February 26, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, FAGG and BEAM, Circuit Judges.
 ARNOLD, Chief Judge.
 
 
 1
 Defendent Ray Nile Cooper pleaded guilty to a drug conspiracy in violation of 21 U.S.C. § 846. The objects of the conspiracy were to distribute cocaine and to possess cocaine with the intent of distributing it. The District Court[1] sentenced Cooper to 14 years and 4 months in prison, 6 years' supervised release, a special assessment of $50, restitution of $100, and a fine of $8,000.
 
 
 2
 On this appeal, Cooper makes two arguments: that the District Court should have given him a two-point reduction for acceptance of responsibility, and that the fine of $8,000, being beyond his ability to pay, should not have been imposed. We affirm.
 
 
 3
 With respect to acceptance of responsibility, little need be said. As the District Court observed, "there probably is no element of the guidelines that has more judicial discretion built into it than this decision...." Sentencing Tr. 116. Here, defendant initially pleaded guilty and then attempted to withdraw the plea. He explains this attempt by claiming that the government had reneged on a plea agreement. Whether this is true or not, an insistence on pleading not guilty, while not fatal as a matter of law to the two-point reduction for acceptance of responsibility, is certainly a fact cutting against it. A defendant who wishes to plead not guilty presumably believes that he is not guilty. He cannot therefore be accepting responsibility for the crime charged. It is possible that after his motion for withdrawal of the initial guilty plea was denied, defendant could have exhibited sufficient remorse to qualify for the reduction. Here, however, the District Court, which observed defendant's demeanor on the witness stand at the time of sentencing, did not believe that his acceptance of responsibility was anymore than "halfheartedly." Sentencing Tr. 118. We see no error in the denial of the two-point reduction in question.
 
 
 4
 As to the fine, the Guideline range is $12,500 to $125,000. The Court, believing that defendant would not be able to pay a fine within this range, nevertheless found that he could pay a fine of $8,000. This finding was not clearly erroneous. We note that the judgment provides that the fine is to be paid in accordance with an installment-payment plan designed by the defendant and his correctional counselor.
 
 
 5
 The precedential value of this opinion is not sufficiently great to warrant its publication. Accordingly, the opinion will not be published.
 
 
 6
 Affirmed.
 
 
 
 [1]
 The Hon. David R. Hansen, United States Circuit Judge for the Eighth Circuit, sitting by designation